AMERICAN SOLID LEATHER BUTTON Co. *v.* EMPIRE STATE NAIL Co.

(*Circuit Court, S D. New York.* November 12, 1891.)

REMOVAL OF CAUSES — FEDERAL QUESTION — ASSIGNMENT OF PATENT — BONA FIDE PURCHASERS.

On a bill in equity brought in the state court by the equitable assignee of the patent-right under an agreement executed many months before the patent was applied for, against the subsequent assignee of the patent after it was issued, to compel an assignment of the patent to the complainant, the defendant obtained a removal of the cause to the circuit court upon a petition averring that the defendant was an assignee for a valuable consideration and without notice, and invoking for his protection section 4898, Rev. St. U. S., the complainant's agreement not having been recorded. *Held,* on motion to remand, that section 4898 was designed for the protection of *bona fide* purchasers, and that the question of the construction, application, and enforcement of this statute in favor of *bona fide* purchasers, as against prior equitable assignments, was a federal question, and the motion was denied.

In Equity.    Motion to remand.
*Rowland Cox,* for complainant.
*Witter & Kenyon,* for defendant.

BROWN, J.    The defendant is the holder, through several mesne assignments, of a patent on a leather furniture nail head, applied for November 2, 1881, and issued September 27, 1887, to J. Wilson McCrillis, assignee of the inventor, Thomas F. N. Finch.    The complainant claims to be the equitable owner of the patent by virtue of a written agreement made by its assignors on February 1, 1881, with Latimer B. N. Finch, a son of the inventor.    The action, originally brought in the supreme court of this state, was instituted in order to compel the defendant to assign the patent to the complainant, and to enjoin the defendant from instituting suits to obstruct the plaintiff's customers in their use of the patent.    The complainant alleges that the defendant and its assignors, at the time of taking their several assignments, had notice of the complainant's prior rights.    The cause, before answer, was removed to this

court, upon the petition of the defendant, alleging that the matter in dispute exceeded $2,000; that the complainant's agreement had never been recorded in the patent-office; that the defendant had no notice of the complainant's rights or claims, but was a purchaser of said patent for a valuable consideration without notice; and that the complainant's claim was void as to the defendant, under section 4898, Rev. St. U. S., because the defendant, as a *bona fide* purchaser for a valuable consideration, without notice, was within the protection of that statute. A motion to remand is made on the ground that no federal question is involved.

Upon examination of the elaborate briefs submitted, I remain of the opinion, expressed at the hearing of the motion, that the cause should not be remanded, for the reason that the defendant invokes in its defense, or as a part of its defense, the provisions of Rev. St. U. S., above stated, and because the decision of the cause will involve a construction of that statute. No doubt the mere fact that a patent or patent-rights are the subject-matter of the action is not of itself a sufficient ground for removal to a federal court, where no provision of the United States Constitution or United States statutes is invoked or brought in question on either side, as in actions on a contract in relation to the use of a patent, the validity of which is not questioned, where the relief sought is simply in respect to the performance or violation of the contract. *Albright* v. *Teas*, 106 U. S. 613, 1 Sup. Ct. Rep. 550; *Hartell* v. *Tilghman*, 99 U. S. 547; *Trading Co.* v. *Glaenzer*, 30 Fed. Rep. 387; *Wren* v. *Annin*, 34 Fed. Rep. 435; *Williams* v. *Star Sand Co.*, 35 Fed. Rep. 369. This action is not of so limited a nature.

Section 4898, which the defendant invokes, provides as follows:

"Every patent, or any interest therein, shall be assignable in law by an instrument in writing. * * * An assignment, grant, or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration without notice, unless it is recorded in the patent-office within three months from the date thereof."

The complainant contends that this section has nothing to do with the case, inasmuch as the assignment under which it claims is contained in the provisions of an agreement made before the patent was applied for. It is said that this agreement could not be recorded, or, if recorded, would be without effect, because the statute does not cover merely equitable transfers, but applies only to assignments of the legal statutory title, after the patent has been granted. *Wright* v. *Randel*, 8 Fed. Rep. 591–599; *New York Paper-Bag Mach. Co.* v. *Union Paper-Bag Mach. Co.*, 32 Fed. Rep. 783–788. But the statute is not so broadly expressed. The supreme court has not, so far as I know, passed on the question; and I cannot say, therefore, that the defendant has not a right to raise that question and have it passed on in the case. But, assuming that an equitable transfer before the patent is granted cannot be effectively recorded, still I do not perceive how the complainant's position is improved by that circumstance. Is a merely equitable title, which cannot even be legally recorded, better than a legal assignment of the statutory title which

can be recorded? The statute declares patents assignable in writing, and that any assignment not recorded within three months after its date shall be void as against a subsequent purchaser for a valuable consideration without notice. This section is not a mere recording act. It differs from the act of 1836. 5 St. at Large, 121. It does not require anything to be recorded. It first declares a patent, or "any interest" in it, assignable; and it then plainly intends to provide protection to the public in acquiring any such interest, by declaring void prior unrecorded assignments under the conditions specified. *Pitts* v. *Whitman*, 2 Story, 617; *Gibson* v. *Cook*, 2 Blatchf. 148.

If a party takes an assignment of any interest which for any reason cannot be recorded, it is the same as if he had failed to record one that might have been recorded. The protection of the statute to subsequent purchasers applies in both cases alike. If it makes void a legal assignment of the patent itself, much more, it may be urged, should it be held to cover, by necessary implication, a merely equitable transfer, as the greater includes the less. The fact that the complainant chose to take, and to rely on, a merely equitable assignment, not capable of being legally recorded, if such is the fact, cannot deprive the statute of its intended efficacy as a protection to the public against prior unknown transfers. This has been, in effect, repeatedly adjudged in decisions holding that prior equitable assignments are not valid, as against subsequent purchasers and assignees of the legal title for a valuable consideration and without notice. *Wright* v. *Randel, supra; Davis, etc., Wheel Co.* v. *Davis Wrought Iron Wagon Co.*, 20 Fed. Rep. 699.

Even if the general rule of equity law would be the same without the aid of this statute, that circumstance does not make the statute inapplicable, nor weaken its force, or the guaranty it is designed to afford to the *bona fide* purchaser without notice; nor does the averment in the complaint that the legal assignees of the patent had notice, which the defendant denies, alter the case. The guaranty invoked by the defendant is not a mere rule of decision in equity, but a federal statutory guaranty, by necessary implication positively establishing that rule; and the defendant has, I think, a right to the application, the construction, and the enforcement of that guaranty in the federal tribunals.

Motion denied.